IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

BRENT WYLIE,

    Plaintiff,

v.

RED BULL NORTH AMERICA, INC.,

    Defendant.

1:14-cv-01086-WSD

## OPINION AND ORDER

This matter is before the Court on Defendant Red Bull North America, Inc.'s ("Defendant") Motion to Dismiss Plaintiff Brent Wylie's ("Plaintiff") Amended Complaint for lack of subject-matter jurisdiction, failure to effectuate service of process under Georgia law, and failure to state a claim upon which relief can be granted under Rule 12(b)(6) of the Federal Rules of Civil Procedure [6].

**I.  BACKGROUND**

On April 11, 2014, Plaintiff filed this personal injury action against Defendant, and asserted claims for fraud, negligence, breach of warranty, product liability, and liability under the Uniform Deceptive Trade Practices Act.  In the original Complaint, Plaintiff alleged that the Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332 because the amount in controversy exceeds $75,000,

Plaintiff is a citizen of Pennsylvania, and Defendant is a "corporation or business entity" with headquarters in California.  Compl. at ¶ 5.  On April 15, 2014, the Court ordered Plaintiff to file, on or before May 2, 2014, an Amended Complaint, or submit evidence, that properly identifies Defendant's citizenship.  In its April 15, 2014, Order, the Court found that the original Complaint failed to allege the citizenship of the Defendant because Plaintiff asserted only that Defendant was a "corporation or business entity" with headquarters in California.  The Court's April 15, 2014, Order, specifically noted that a Defendant is a citizen of its state of incorporation and the state in which it has its principal place of business.  Because the Complaint failed to allege the state of Defendant's incorporation, the Court concluded that it was unable to determine whether it had subject-matter jurisdiction over this proceeding.  The Court warned Plaintiff that it is required to dismiss this action unless Plaintiff files an Amended Complaint alleging sufficient facts to show the Court's jurisdiction or submits evidence establishing jurisdiction.  See Travaglio v. Am. Express Co., 735 F.3d 1266, 1268-69 (11th Cir. 2013) (holding that a district court must dismiss an action for lack of subject-matter jurisdiction unless the pleadings or record evidence establishes jurisdiction).

On April 30, 2014, Plaintiff filed an Amended Complaint, in which he alleged that Defendant "is a business entity incorporated in the state of California

with a branch office incorporated in the state of Georgia with its registered agent at CT Corporation, 1201 Peachtree Street, Atlanta, Georgia 30361.  A copy of the Georgia Secretary of State['s] website printout confirming Red Bull's citizenship as an incorporated entity in Georgia is attached hereto as Exhibit 'A.'" Am. Compl. at ¶ 5.

On May 8, 2014, Defendant moved to dismiss the Amended Complaint on the grounds that Plaintiff (1) failed to properly allege subject-matter jurisdiction in the Amended Complaint, (2) failed to effect service of process on Defendant, and (3) failed to state a claim upon which relief can be granted under Rule 12(b)(6) of the Federal Rules of Civil Procedure.

On June 4, 2014, Plaintiff filed a Response to the Motion to Dismiss.  In the Response, Plaintiff claims that the Amended Complaint was submitted with a "copy of the Defendant's registration with the Georgia Secretary of State showing that the Defendant is, in fact, a California corporation."  Resp. to Mot. to Dismiss at 3.  Plaintiff's response does not adequately allege the Defendant's principal place of business.  Plaintiff submitted a printout from the Georgia Secretary of State's ("SS") website that identifies Red Bull North America, Inc. as a foreign corporation with its "jurisdiction" in California and its "Principal Office Address" located at 1740 Stewart Street, Santa Monica, CA.  See Ex. A, attached to the Am.

3

Compl. Plaintiff appears to argue that the printout from the SS's website constitutes sufficient evidence of Defendant's citizenship.

## II.  DISCUSSION

As the party invoking the Court's jurisdiction, Plaintiff has the burden to establish that jurisdiction exists. See Marshall v. Washington, 487 F. App'x 523, 525-26 (11th Cir. 2012). "To make that showing, [Plaintiff] must establish that the amount in controversy exceeds $75,000 and that [he] is a citizen of a different state than [Defendant]." Id. Plaintiff bears the burden to prove the parties' citizenship by a preponderance of the evidence. See Scoggins v. Pollock, 727 F.2d 1025, 1026 (11th Cir. 1984).

Plaintiff filed a defective Amended Complaint because he failed to allege the Defendant's principal place of business. See Am. Compl. at ¶ 5. A corporation is a "citizen of any State by which it has been incorporated and of the State where it has its principal place of business." See 28 U.S.C. § 1332(c)(1). The Amended Complaint fails to show that the parties in this action are diverse because it does not identify Defendant's principal place of business. See Crist v. Carnival Corp., 410 F. App'x 197, 200 (11th Cir. 2010) (noting that "even looking past the deficient citizenship allegation, the face of the Complaint fails to show the parties are diverse."); Marshall, 587 F. App'x at 526 (holding that the complaint failed to

4

allege defendant's citizenship because it did not allege where defendant has its principal place of business and "without knowing that, we cannot know the bank's citizenship for diversity purposes and we cannot know whether complete diversity exists.").

Plaintiff has also failed to present evidence of Defendant's principal place of business. Plaintiff's reliance on the information available on the SS's website is misplaced. The printout from the SS's website states that Defendant's "Principal Office Address" is located in Santa Monica, California. "[P]rincipal Office Address" is not synonymous with a defendant's "principal place of business." "Principal place of business" is a term of art with a defined legal meaning for jurisdictional purposes.

In Hertz Corporation v. Friend, the United States Supreme Court adopted the "nerve center" test to determine a corporation's principal place of business. 559 U.S. 77, 92-93 (2010). The "nerve center" refers to "the place where a corporation's officers direct, control, and coordinate the corporation's activities." Id. It is generally "the place where the corporation maintains its headquarters—provided that the headquarters is the actual center of direction, control, and coordination, *i.e.*, the 'nerve center,' and not simply an office where the corporation holds its board meetings (for example, attended by directors and

officers who have traveled there for the occasion)." Id. at 93. The "nerve center" is not necessarily located where "the bulk of a company's business activities visible to the public take place." Id. at 96. It does not "automatically generate a result," but it "provides a sensible test that is relatively easy to apply." Id.; see also Mendez v. Jarden Corp., 503 F. App'x 930, 936 n.3 (11th Cir. 2013); Holston Investments, Inc. B.V.I. v. Lanlogistics Corp., 677 F.3d 1068, 1071 (11th Cir. 2012).

In Hertz, the Supreme Court specifically noted that the "mere filing of a form . . . listing a corporation's 'principal executive offices' [is], without more . . ." insufficient to establish a corporation's principal place of business because it "would readily permit jurisdictional manipulation, thereby subverting a major reason for the insertion of the 'principal place of business' language in the diversity statute." Id. at 97.

Relying on this principle, a majority of federal courts have found that information filed with the Secretary of State that shows a corporation's "Principal Office Address" is insufficient proof of the corporation's principal place of business. See Jackson v. HCA-Healthhone, LLC, No. 13-cv-02615-PAB, 2013 WL 5567510, at *1 (D. Colo. Oct. 9, 2013) ("[a]lleging a state of formation and 'principal office address' alone is insufficient to ground jurisdiction for

corporations" because the principal place of business is where "the corporation's officers direct, control and coordinate the corporation's activities."); In re Lorazepam & Clorazepate Antitrust Litigation, 900 F. Supp. 2d 8, at 18-19 (D. D.C. 2012) (finding that the listing of a "principal office address" in an annual report filed with the Secretary of State "offers little in the way of support for where the companies' officers actually 'direct' and 'coordinate' corporate activity."); see also Mardikian v. Golden Eagle Ins. Corp., No. C 13-02981 WHA, 2013 WL 4532454, at *3 (N.D. Ca. Aug. 26, 2013); White v. Halstead Indus., Inc., 750 F. Supp. 395, 399 (E.D. Ark. 1990) (noting that "principal office address" "is not necessarily the same thing as defendant's principal place of business for diversity jurisdiction purposes.").

    The Court concludes that Plaintiff's evidence does not adequately establish Defendant's principal place of business where its officers direct, control and coordinate business activities. The printout from the SS's website that is attached to Plaintiff's Amended Complaint states only that Defendant's "Principal Office Address" is located in Santa Monica, California. Because the information provided to the SS is not sufficient to establish that Defendant's "principal place of business" is, in fact, in California, the Court concludes that Plaintiff has failed to present evidence of Defendant's citizenship. See Jackson, 2013 WL 5567510,

7

at *1; In re Lorazepam, 900 F. Supp. 2d at 18-19; Mardikian, 2013 WL 4532454, at *3; White, 750 F. Supp. at 399.

Despite the fact that the Court specifically apprised Plaintiff regarding why the original Complaint failed to adequately allege diversity of citizenship under Section 1332, Plaintiff failed to correct the deficiency and repeated the defective allegations regarding Plaintiff's citizenship made in the original Complaint. Plaintiff's failure to allege adequately the Defendant's citizenship requires the Court to dismiss this case without prejudice for lack of subject-matter jurisdiction. See Butler v. Morgan, 562 F. App'x 832, 836 (11th Cir. 2014) (affirming dismissal for failure to adequately allege citizenship because the district court *sua sponte* allowed plaintiff to amend his original complaint once to cure the deficiency, and the district court was not required to consider additional or amended pleadings because further amendment was futile); Variable Annuity Life Ins. V. Adel, 197 F. App'x 905, 906 (11th Cir. 2006) ("Of course, if the amendments show that there is no diversity of citizenship, the district court must dismiss the action.") (citations omitted); McGovern v. American Airlines, Inc., 511 F.2d 653, 654 (5th Cir. 1975) (declining the plaintiff an opportunity to amend after the district court dismissed the complaint without prejudice because he "ha[d] shown in a second plea to the trial court no inclination to cure the jurisdictional defect even though[]

[he was] on notice of the defect[ive] [pleading].").[1]

### III. CONCLUSION

Accordingly, for the foregoing reasons,

**IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss the Amended Complaint is **GRANTED** in part and **DENIED AS MOOT** in part [6].

**IT IS FURTHER ORDERED** that Defendant's Motion to Dismiss the Amended Complaint for lack of subject-matter jurisdiction is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendant's Motion to Dismiss for failure to serve, and failure to state a claim upon which relief can be granted is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that Plaintiff's Amended Complaint is **DISMISSED WITHOUT PREJUDICE**.

**SO ORDERED** this 13th day of March, 2015.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE

---

[1] In Bonner v. City of Pritchard, 661 F.2d 1206, 1209 (11th Cir. 1981), the Eleventh Circuit adopted as binding precedent decisions of the Fifth Circuit rendered prior to October 1, 1981.